JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| MELANIE  FLUCK | LEHIGH UNIVERSITY |

| (b)  County of Residence of First Listed Plaintiff   LEHIGH | County of Residence of First Listed Defendant   LEHIGH |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Brian C. Farrell, Esq.  The Gold Law Firm, P.C.<br>1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br> New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br> Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br> 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br> (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br> Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original
  Proceeding
- ☐ 2   Removed from
  State Court
- ☐ 3   Remanded from
  Appellate Court
- ☐ 4   Reinstated or
  Reopened
- ☐ 5   Transferred from
  Another District
  *(specify)*
- ☐ 6   Multidistrict
  Litigation -
  Transfer
- ☐ 8   Multidistrict
  Litigation -
  Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
(FMLA), 29 U.S.C. §2601 et seq.; (ADA) 42 U.S.C. §12101, et seq.; (ADEA) 29 U.S.C. §621, et seq.
Brief description of cause:
Employment Discrimination

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/26/2024 | /s/BRIAN C. FARRELL, ESQUIRE  I.D. No.: #319145  Attorney For Plaintiff |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 27 Memorial Drive West, Bethlehem, PA 18015 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or a federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MELANIE FLUCK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| LEHIGH UNIVERSITY | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☑)


| | | |
|---|---|---|
| 11/26/2024 | /s/ Brian C. Farrell, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELANIE FLUCK** | Civ. No.: |
| Plaintiff, | |
| -against- | **JURY TRIAL DEMANDED** |
| **LEHIGH UNIVERSITY** | |
| Defendant. | |

## COMPLAINT

### I.    PRELIMINARY STATEMENT

Plaintiff, Melanie Fluck ("Plaintiff"), brings this civil action against her former employer, Defendant Lehigh University ("Defendant"). Plaintiff asserts discrimination and retaliation claims against Defendant under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks all available damages, including economic loss, compensatory, liquidated, and punitive damages, along with all other relief under applicable federal and state law as this Court deems appropriate.

### II.    PARTIES

1.    Plaintiff Melanie Fluck ("Plaintiff") is an adult woman and citizen of Pennsylvania, residing therein in Breinigsville 18031.

1

2.      Defendant Lehigh University is a non-profit educational institution registered to do business in Pennsylvania, with its principal office located at 27 Memorial Drive West, Bethlehem, 18015.

3.      At all relevant times, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

4.      At all relevant times, Defendant employed more than 50 employees.

5.      At all relevant times, Defendant acted as an employer under the federal and state laws which form the basis of this action.

6.      At all relevant times, Plaintiff was an employee of Defendant under the federal and state laws which form the basis of this action.

7.      At all relevant times, Plaintiff was eligible for, and entitled to, leave under the FMLA.

## III.    <u>JURISDICTION AND VENUE</u>

8.      The causes of action set forth in this Complaint arise under the FMLA, the ADA, the ADEA, and the PHRA.

9.      The District Court has subject matter jurisdiction over Plaintiff's FMLA, ADA, and ADEA claims pursuant to 28 U.S.C. §1331.

10.      The District Court has supplemental jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. §1367.

11.      Defendant is subject to the personal jurisdiction of this Court because, without limitation, the case arises out of or relates to the contacts of Defendant with Pennsylvania, the contacts of Defendant are continuous and systematic such that Defendant is at home in

Pennsylvania, or Defendant has consented to personal jurisdiction by personal service within Pennsylvania via an authorized agent of the company.

12.     Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

13.     On or about August 18, 2023, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

14.     On or about August 29, 2024, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue.

15.     Plaintiff has filed this action within 90 days of receiving the Dismissal and Notice of Right to Sue from the EEOC.

**IV.     FACTUAL ALLEGATIONS**

16.     Plaintiff began her employment with Defendant on February 22, 2016, as a Project Manager in the Office of Facilities.

17.     Throughout her tenure with Defendant, Plaintiff received positive feedback, completed her assigned projects successfully, and met or exceeded Defendant's legitimate expectations.

18.     Plaintiff is a qualified individual with disabilities, specifically Supraventricular Tachycardia and Anxiety, which substantially impair major life activities such as concentrating, sleeping, and walking. These conditions constitute disabilities under the ADA and PHRA.

19.     Plaintiff is also over the age of 40, and at 62 years old at the time of her termination, she was the oldest employee in the Office of Facilities.

20.     In June 2022, Plaintiff began reporting directly to Joe Klocek ("Klocek"), Interim Director of Planning, Design & Construction.

21.     Shortly thereafter, in the fall of 2022, Klocek asked Plaintiff, in a one-on-one meeting, when she intended to retire. This comment made Plaintiff feel targeted due to her age, and she responded that she had no plans to retire.

22.     On December 23, 2022, Plaintiff was diagnosed with Supraventricular Tachycardia, a serious heart condition that required immediate treatment and accommodations to manage her symptoms.

23.     On January 3, 2023, Plaintiff informed Defendant of her health problems and requested a medical leave of absence to undergo treatment and recover.

24.     Plaintiff formally applied for Short Term Disability Leave on January 17, 2023, and she provided Defendant with the required medical documentation in support of her request.

25.     Defendant approved Plaintiff's leave under its disability leave policy.

26.     Plaintiff returned to work on March 6, 2023, after about two months of medical leave.

27.     Prior to her return to work, Plaintiff requested a reasonable accommodation to work remotely three days per week to help manage the symptoms of her disabilities. This request was reasonable given the nature of her work, which could be performed effectively from a remote setting.

28.     Despite this request being consistent with Defendant's accommodation policies and similar arrangements being granted to other employees, Defendant denied Plaintiff's request, thereby failing to engage her in the interactive process.

4

29.     Upon her return, Plaintiff was marginalized in her role. Defendant stripped Plaintiff of the major projects she had been managing before her leave and reassigned her to smaller, less significant projects that did not align with her Project Manager position.

30.     The projects reassigned to Plaintiff were routinely of lower complexity and smaller budget than those handled by her younger, non-disabled colleagues.

31.     On or about March 17, 2023, Fluck made a request with Caitlyn Leidy ("Leidy"), Human Resources Representative, for intermittent leave pursuant to the FMLA in order to attend medical appointments as a reasonable accommodation for her disabilities.

32.     Defendant granted Plaintiff's FMLA request.

33.     From late March 2023 to mid-May 2023, Plaintiff continued to experience isolation and marginalization in her role. Klocek and other supervisors ignored her contributions and assigned her minimal responsibilities, effectively sidelining her within the department.

34.     On or about April 19, 2023, Fluck sent Klocek an email informing him that she would undergo a heart procedure on April 24, 2023. However, he did not respond.

35.     On May 31, 2023, Defendant abruptly terminated Plaintiff's employment, citing alleged performance issues as the reason for her termination.

36.     The purported performance issues were pretextual.

37.     Plaintiff's age was a determinative factor in Defendant's decision to terminate her employment.

38.     Plaintiff's disabilities were a motivating and/or determinative factor in Defendant's decision to terminate her employment.

39.     Plaintiff's requests for reasonable accommodation were a motivating and/or determinative factor in Defendant's decision to terminate her employment.

40.     Defendant retaliated against Plaintiff for requesting reasonable accommodations.

41.     Plaintiff's request for FMLA leave was a motivating and/or determinative factor in Defendant's decision to terminate her employment.

42.     Defendant replaced and/or reassigned Plaintiff's job duties to a non-disabled, substantially younger employee.

43.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant damages, including lost wages and benefits, emotional distress, and reputational harm.

44.     Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

<u>**COUNT I – ADA**</u>
**(Disparate Treatment; Retaliation; Failure to Accommodate)**
**Plaintiff v. Defendant**

45.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

46.     Defendant has violated the ADA by committing the foregoing acts of disability discrimination and retaliation against Plaintiff, including, without limitation, failing to engage in an interactive process and/or provide Plaintiff reasonable accommodations and/or terminating her employment.

47.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless this Court grants the relief requested herein.

48.    Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants imposing punitive damages.

## COUNT II – FMLA
### (Retaliation)
### Plaintiff v. Defendant

49.    Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

50.    By committing the foregoing acts of retaliation based on Plaintiff's request for FMLA leave, Defendant has violated the FMLA.

51.    Defendant knew and/or showed reckless disregard as to whether the foregoing acts violated the FMLA, thereby warranting the imposition of liquidated damages.

52.    As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

53.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless this Court grants the relief requested herein.

## COUNT III – ADEA
### (Disparate Treatment)
### Plaintiff v. Defendant

54.    Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

55.    Defendant has violated the ADEA by committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating her employment.

56.    As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless this Court grants the relief requested herein.

57.    Defendant's violations of the ADEA were willful and warrant imposing liquidated damages.

**COUNT IV – PHRA**
**(Age and Disability-Based Disparate Treatment, Retaliation, Failure to Accommodate)**
**Plaintiff v. Defendant**

58.    Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

59.    Defendant has violated the PHRA by committing the foregoing acts of discrimination and retaliation on the basis of age and disability against Plaintiff, including, without limitation, failing to engage in an interactive process and/or provide Plaintiff reasonable accommodations, and/or terminating her employment.

60.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless this Court grants the relief requested herein.

**RELIEF**

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically requests that this Court grant her the following relief by:

(a)    declaring the acts and practices complained of herein to violate the ADA;

(b)    declaring the acts and practices complained of herein to violate the FMLA;

(c)    declaring the acts and practices complained of herein to violate the ADEA;

8

(d)     declaring the acts and practices complained of herein to violate the PHRA;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i)     awarding punitive damages to Plaintiff;

(j)     awarding liquidated damages to Plaintiff;

(k)     awarding Plaintiff any other damages that are appropriate under the ADA, FMLA, ADEA, and PHRA;

(l)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(m)     granting any other relief that this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

THE GOLD LAW FIRM, P.C.

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
bfarrell@discrimlaw.net
Attorney for Plaintiff Melanie Fluck

Date: November 26, 2024

10